# 7259

By Judge St. Paul:

Mrs. Patsy Dyer

vs

Grand United Order of Odd Fellows.

No. 7259,

Court of Appeal,

Parish of Orleans.

- - - - -

This is a claim upon a policy of Life Insurance. The defense set up is that "at the time of his death (May 22nd, 1916) the assured was no longer a member of the defendant institution, having been dropped from membership by his subordinate lodge on April 25th."

The facts of the matter are these. In the month of March the deceased had paid all his indebtness in full to the end of that month. The testimony of two witnesses who are unimpeached, and who are corroborated by an undoubtedly genuine and contemporaneous entry (D. #3, p. 95) shows however that at a meeting held on April 25th the deceased was declared indebted to the lodge in the sum of $4.00, being, dues 50¢, endowment 50¢, a funeral assessment of $1.00, and a fine for failure to attend a funeral $2.00.

This indebtedness had of course all been incurred during that same month of April.

After an effort to notify the assured through his benificiary (which the trial judge thought insufficient) and the amount not having been paid, the assured was considered as though he had been dropped; but no formal action was ever taken by the lodge in that respect.

The situation was therefore this: As shown by the by-laws offered in evidence, the defendant institution consists of 1.- A Grand Lodge; 2.- An Endowment Bureau of the Grand Lodge; and 3.- Subordinate Lodges, under the jurisdiction of the Grand Lodge. The Endowment Bureau has exclusive control of matters relating to Life Insurance; the Subordinate Lodges have exclusive jurisdiction over sick and funeral benefits, and over the conduct of their members. Both the Bureau and the Lodges make their own regulations and assess their own dues; but the Lodges collect the dues for the Bureau.

From the by-laws of the subordinate lodge we find 1st- That the _____ only authority for depriving a member of his claims to the privileges of the order" is his neglecting to pay arrears for twelve months, Art. 16, Sec. 3; 2nd- That a member in arrears for three months dues is not entitled to physician or drugs, Art. 15 Sec. 1; and 3rd- That if a member be in arrears to the Endowment Fund for two months dues the beneficiary will not be paid the amount of the policy, Art. 19 Sec. 1.

From the regulations of Grand Lodge for the government of the Bureau of Endowment we find, 1st- That the monthly dues are 50¢ per member to

64

to be collected by the subordinate lodge and forwarded at once to the Bureau, without being used for any other purpose, Art. 1 Sec. 4; 2nd- That the beneficiary will not be paid the endowment if the assured owes the Bureau two months dues or more. Article 2, Sec. 4; Pointers No. 3, p. 34.

We see therefore, 1st- That the assured, who was not twelve months in arrears, could not be deprived of the "privileges of the order" and hence was still a member thereof; 2nd- That the dues to the Lodge and the dues to the Bureau were distinct and could not be mingled; 3rd- That the assured could be denied the benefits furnished by the Lodge itself, if he owed the Lodge three months dues (or its equivalent); 4th- That his endowment could not be suspended unless he owed the Bureau of Endowment two months dues, no matter how much he might owe his Lodge; and 5th- That the assured owed the Bureau only the dues for the month of April, the May dues not being payable at the time of his death.

It is clear therefore that the policy was still in force at the time the assured died.

We note that Article 2, Sec. 4, and Pointer No. 3 seem to conflict with the form of notice provided by Article 1, Sec. 6, of the Bureau Rules (p. 6), but this conflict must be resolved in favor of the assured who is not responsible for the conflict and has all along paid his premiums.

The judgment appealed from is correct.

<u>Judgment Affirmed.</u>